*1282 OPINION.
Smith:
Section 214 (a) (7) of the Revenue Act of 1926 allows the deduction from gross income of “ debts ascertained to be worthless and charged off within the taxable year.” Upon the facts above stated, which are all contained in a written stipulation filed by the parties, we are asked to determine that the petitioner has met the requirements of the statute with respect to 'the debt in question.
In the first place, there is no showing whatever that the amount of the debt was charged off within the taxable year 1927 for which the deduction is claimed. We do not even know whether the petitioner kept any books or accounts in which a proper charge-off of the indebtedness might have been made, or whether the petitioner ever decided in his own mind in 1927 to charge off the debt. The facts do not show just when the petitioner learned of the debtor’s bankruptcy. The respondent’s deficiency notice shows the debt restored to income of 1927, indicating that the deduction was claimed by the petitioner in his return for that year, but we do not know when the return was filed or when the claim for the deduction was asserted. The only evidence before us of any charge-off of the debt is the statement that the petitioner in 1925 made a note in his personal memorandum book that the note was “ cancelled.”
The statement of facts raises considerable doubt in our minds as to other questions that might be of importance. Upon what consideration were the loans in question made and when were they due and payable? Were they secured by promissory notes or collateral of any kind? If they were purely personal in nature, then were they rendered worthless by the debtor’s failure in business? Was the debt owing to the petitioner accounted for in the bankruptcy proceedings? Was there any repudiation of the debt by Heustis at any time? We think that the meager facts before us fall far short of establishing the petitioner’s right to the deduction of the indebtedness as a debt ascertained to be worthless and charged off in the year 1927.

Judgment will he entered for the respondent.